IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA L. OSTEEN, )<br>     Plaintiff, )<br> )<br> vs. )<br> )<br>WARDEN RUSTIN, Allegheny County )<br>Jail; ALLEGHENY COUNTY HEALTH )<br>DEPT. & DIRECTOR BRUCE DIXON; )<br>DANA PHILLIPS; NURSE )<br>PRACTITIONER JANE DOE, Allegheny )<br>County Jail, also known as SHIRL; )<br>ALLEGHENY COUNTY CHIEF )<br>EXECUTIVE DAN ONORATO; )<br>WARDEN/SUPT. WINSTEAD, S.C.I. )<br>Cambridge Springs; DR. EDWARDS, )<br>S.C.I. Cambridge Springs; HEAD NURSE )<br>JANE DOE S.C.I. Cambridge, also known )<br>as NURSE ELLIE, )<br>     Defendants. ) | Civil Action No. 07-35<br>Judge Terrence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 3] be dismissed for failure to prosecute.

II. Report

Plaintiff, Patricia L. Osteen, has presented a civil rights complaint against Warden Rustin, Allegheny Health Department and Director Bruce Dixon, Dana Phillips, Nurse Practitioner Jane Doe, Allegheny County Chief Executive Dan Onorato, Warden/Supt. Winstead, Dr. Edwards and Head Nurse Jane Doe, alleging that while she was housed in the Allegheny County Jail it was suggested to her that she take HCTZ for high blood pressure even though

plaintiff had informed them that she was allergic to it. Plaintiff alleges that she nevertheless took the HCTZ and, in fact, had a severe reaction which was ignored until she went into renal failure and had to be rushed to the hospital.

On February 28, 2007, this Court issued an order granting plaintiff's motion for leave to proceed *in forma pauperis*, and directing the United States Marshal to make service [Dkt 2]. A copy of the order was sent to plaintiff at the only address provided by her and was subsequently returned marked "no longer here." On May 30, 2007, an order was then issued directing plaintiff to show cause on or before June 14, 2007, why the case should not be dismissed for failure to prosecute [Dkt. 4]. When plaintiff failed to respond to the show cause order, this Court issued a Report and Recommendation that the case be dismissed for failure to prosecute [Dkt. 5]. Thereafter, plaintiff sent a letter to the Clerk of Court inquiring about the status of her case. This communication contained a new address. Accordingly, this Court vacated its previous Report and Recommendation and ordered plaintiff to provide directions for service to the U.S. Marshal's Office on or before August 13, 2007 [Dkt. 7]. Plaintiff failed to provide the requisite information and on September 17, 2007, this Court issued another Report and Recommendation recommending that the case be dismissed for failure to prosecute [Dkt. 11]. Before the Report and Recommendation was ruled upon by the District Court Judge, plaintiff submitted the requisite information and on November 9, 2007, and order was issued vacating the report and Recommendation [Dkt. 12].

Then, on January 30, 2008, the County defendants filed a motion to dismiss which plaintiff was ordered to respond to by March 1, 2008 [Dkts. 29, 31]. Similarly, defendant Warden/Superintendent Winstead and defendant Dr. Edwards filed motions to dismiss on February 4, 2008 and February 5, 2008, respectively, which plaintiff was ordered to respond to by

March 7th and March 10th, 2008, respectively [Dkts. 32, 34, 37, 38]. As well, the Health Department defendants filed a motion to dismiss on February 29, 2008, which plaintiff was ordered to respond to by April 4, 2008. To date, plaintiff has failed to respond to any of the four pending motions or given any other indication that she wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders which clearly weigh heavily against her. Not only is it plaintiff's sole personal responsibility to respond to the Court's orders and to motions as so directed, but her failure to respond to four separate Court orders and concomitant failure to respond to any of the four pending motions even six weeks later appears willful and constitutes a history of dilatoriness. Indeed, the Court has previously had to issue two orders directing plaintiff to show cause why the case should not be dismissed for failure to prosecute and two Report and Recommendation's recommending that the

case be dismissed for failure to prosecute because of plaintiff's failure to provide information to the Court or respond to its orders [Dkts. 4, 5, 11, 21].

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Moreover, because plaintiff has repeatedly failed to respond to this Court's orders and has failed to respond to any of the four pending motions to dismiss, it appears that she has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by April 28, 2008 in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                / s/ *Amy Reynolds Hay*
                United States Magistrate Judge

Dated: 10 April, 2008

cc:    Patricia L. Osteen
       C/ O L.L.C.
       900 W. Third Street
       Williamsport, PA 17701

       All Counsel of Record by Notice of Electronic Filing